IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ASHLEY FLORENCE, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br>-against-<br><br>**DELI MANAGEMENT, INC., d/b/a JASON'S DELI,**<br><br>**Defendant.** | Case No. _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff Ashley Florence ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff arising out of hours worked in her Assistant Manager 3A ("AM") position, and for other current and former employees working in Assistant Manager 3A positions (collectively, the "AMs"), who worked more than 40 hours as an AM in any workweek at any of Defendant's Jason's Deli store locations in the United States, for which workweek the AM was paid on a pay date within the period beginning three years preceding the filing date

of this Complaint and ending on the date of the regular pay period for the workweek that included the effective date of the reclassification to non-exempt, believed to be effective on August 29, 2017 (the "relevant period"), who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## THE PARTIES

2. Plaintiff Ashley Florence ("Plaintiff") is a resident of Georgia.

3. According to its corporate filings with the Georgia Secretary of State, Defendant Deli Management, Inc. ("Defendant") is registered to transact business in Georgia and may be served with process on its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046-4805, in Gwinnett County within this judicial district.

4. Defendant owns and operates approximately 158 Jason's Deli restaurants in Alabama, Arizona, Florida, Georgia, Illinois, Louisiana, Maryland, North Carolina, Pennsylvania, South Carolina, Tennessee, Texas, Virginia and Wisconsin.

5. Plaintiff worked for Defendant as an Assistant Manager 3A from the time she completed hourly-paid training for that position in approximately May, 2016, until her employment ended in approximately December, 2017 (Plaintiff's "period of AM employment").

6. Plaintiff worked for Defendant as an Assistant Manager 3A in its Atlanta, Georgia – Camp Creek location at 3755 Carmia Dr SW, Atlanta, Georgia throughout her employment as an AM.

7. Plaintiff frequently worked over 40 hours in a workweek during her period of AM employment, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the relevant period that did not contain overtime premiums.

8. Plaintiff is a covered employee under the FLSA.

9. Defendant was Plaintiff's employer under the FLSA.

## JURISDICTION & VENUE

10. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant operates Jason's Deli restaurants in this judicial district, Plaintiff worked for and received paychecks from Defendant in this judicial district, and a substantial part of the events giving rise to the claim herein occurred in this judicial district.

12. Defendant is subject to personal jurisdiction in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute her FLSA claims individually and as a collective action on behalf of all persons who are or were formerly employed by Defendant as AMs at any time during the relevant period (the "Collective Action Members").

14. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other AMs.

15. There are many similarly situated current and former AMs who have not been paid overtime premiums for hours worked over 40 in a workweek in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

16. The similarly situated Collective Action Members are known to Defendant, are readily-identifiable, and can be located through Defendant's records.

## STATEMENT OF FACTS

17. Defendant employed Plaintiff and the Collective Action Members as AMs during the relevant period.

18. Defendant maintained control, oversight, and discretion over the operation of all of its company-owned restaurants, including its employment

practices with respect to the AMs.

19. Plaintiff's and the AMs' work was performed in the normal course of Defendant's business and was integrated into it.

20. Consistent with the Defendant's policy, pattern and/or practice, Plaintiff and AMs worked over 40 hours in one or more workweeks, but Plaintiff and AMs did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked as AMs in excess of 40 in those workweeks.

21. All of the work that the Plaintiff and the AMs performed was assigned by Defendant, and/or Defendant was aware of all of the work that they have performed.

22. The work that Plaintiff and the AMs performed as part of their primary duty required little skill and no capital investment.

23. The work that Plaintiff and the AMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

24. Regardless of the store at which they worked, Plaintiff's and the AMs' primary job duties included:

    a. preparing food;
    b. helping customers;

    c.    bussing tables;
    d.    cleaning the restaurant;
    e.    checking to make sure that supplies were properly shelved; and
    f.    checking inventory.

25. Regardless of the store at which they worked, Plaintiff's and the AMs' primary job duties did not include:

    a.    hiring;
    b.    firing;
    c.    disciplining other employees;
    d.    scheduling;
    e.    supervising and delegating; or
    f.    exercising meaningful independent judgment and discretion.

26. Plaintiff's and the AMs' primary duties were manual in nature.

27. The performance of manual labor and customer service duties occupied the majority of Plaintiff's and the AMs' working hours.

28. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant internally classified, and paid, all of its Assistant Manager positions, including Plaintiff's and the AMs' positions, as exempt from the maximum hour overtime compensation requirements of the FLSA, throughout the relevant period.

29. Upon information and belief, Defendant did not perform a person-by-person analysis of the AMs' job duties when making the decision to classify the AMs (and other similarly-situated current and former employees holding

comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

30. Within approximately several weeks prior to December 1, 2016, and upon information and belief prior to the issuance of the November 22, 2016 injunction by the Texas federal district court blocking the Department of Labor from implementing the new overtime rules that would have become effective on December 1, 2016, Defendant announced to its AMs that it was reclassifying all AM positions to hourly-paid, overtime non-exempt effective on or about December 1, 2016.

31. Upon information and belief, Defendant did not perform a person-by-person analysis of the AMs' job duties when making that decision to reclassify the AMs (and other similarly-situated current and former employees holding comparable positions but different titles) to non-exempt from the overtime provisions of the FLSA to be effective on or about December 1, 2016.

32. Within approximately a few weeks prior to December 1, 2016, and upon information and belief after the issuance of the November 22, 2016 injunction by the Texas federal district court blocking the Department of Labor from implementing the new overtime rules that would have become effective on December 1, 2016, Defendant announced to its AMs that it would not be

reclassifying those positions to hourly-paid non-exempt under the FLSA.

33. Upon information and belief, Defendant did not perform a person-by-person analysis of the AMs' job duties when making that decision not to reclassify the AMs (and other similarly-situated current and former employees holding comparable positions but different titles) to hourly-paid non-exempt from the overtime provisions of the FLSA.

34. Defendant reclassified all AM positions to hourly-paid, overtime non-exempt effective on or about August 29, 2017.

35. Upon information and belief, Defendant did not perform a person-by-person analysis of the AMs' job duties when making that decision to reclassify the AMs (and other similarly-situated current and former employees holding comparable positions but different titles) to non-exempt from the overtime provisions of the FLSA to be effective on or about August 29, 2017.

36. Defendant's conduct alleged herein was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to its AMs. Defendant knew that AMs were not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiff

in her AM position and other AMs as non-exempt employees.

37. During the relevant period, Defendant was aware or should have been aware, through its management-level employees, that Plaintiff in her AM position and AMs were primarily performing non-exempt duties.

38. During the relevant period, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

39. Accordingly, Defendant's unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to AMs.

40. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to AMs. This policy and pattern or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA;

    b. willfully failing to pay Plaintiff and the Collective Action

        Members overtime wages for hours that they worked in excess of 40 hours per week;

  c.    requiring Plaintiff and the Collective Action Members to perform primarily non-exempt tasks; and

  d.    willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt AMs to perform additional non-exempt tasks.

41.    Defendant's willful violations of the FLSA are further demonstrated by the fact that during the relevant period, Defendant failed to maintain accurate and sufficient time records of work start and stop times for Plaintiff and the Collective Action Members.

42.    Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not record all hours worked by Plaintiff and the Collective Action Members during the relevant period.

## FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages
### On Behalf of Plaintiff and the FLSA Collective

43.    At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for

commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. Defendant is subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

45. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ each of the Collective Action Members, within the meaning of the FLSA.

46. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

47. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consent filed contemporaneously herewith.

48. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

49. During the relevant period, Defendant had a policy and practice of not paying overtime premiums to Plaintiff and its AMs (and similarly-situated employees in comparable Assistant Manager positions but holding different titles), for hours worked in excess of 40 hours per workweek.

50. As a result of Defendant's willful failure to compensate its AMs, including Plaintiff and the Collective Action members, at a rate not less than one

and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

51. As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52. As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its restaurants, Defendant knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

53. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendant's actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members were manual labor and included other non-exempt tasks, Defendant's failure to perform a person-by-person

analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendant's instituting a policy and practice that did not record all hours worked by Plaintiff and the Collective Action Members, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

54. As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, is entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

55. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks a judgment finding liability under the FLSA and entering the following relief on behalf of herself and all others similarly-situated:

A. Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this

       action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay in a manner consistent with the methodology utilized in the jury verdict affirmed by the Eleventh Circuit in *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013);

C. Equitable tolling of the FLSA statute of limitations;

D. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

E. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

F. An award of all allowable interest;

G. An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiff; and

H.      Such other and further relief as this Court deems just and proper.

Dated: September 11, 2018

                                           Respectfully submitted,

*/s/ C. Andrew Head*
C. Andrew Head, GA Bar No. 341472
Bethany Hilbert (to be admitted *pro hac vice*)
**HEAD LAW FIRM, LLC**
4422 N. Ravenswood Ave.
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
E: ahead@headlawfirm.com
bhilbert@headlawfirm.com

Fran L. Rudich (to be admitted *pro hac vice*)
Michael Reed (to be admitted *pro hac vice*)
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
T: (914) 934-9200
F: (914) 934-9220
Email : Fran@klafterolsen.com;
Michael.Reed@klafterolsen.com

*Attorneys for Plaintiff*