IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

**ASHLEY FLORENCE, on behalf of**
**herself and all others similarly**
**situated,**

      **Plaintiff,**
  **-against-**

**DELI MANAGEMENT, INC., d/b/a**
**JASON'S DELI,**

      **Defendant.**

Case No. 1:18-cv-4303-SCJ

---

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. Description of Case:

 (a) Describe briefly the nature of this action.

  **This is an individual and proposed collective action under the Fair Labor**

**Standards Act ("FLSA"), 29 U.S.C. § 201, <u>et seq.</u>**

 (b) Summarize the facts of this case.  The summary should not be

argumentative nor recite evidence.

 **<u>Plaintiff</u>:**

  **Plaintiff Ashley Florence ("Plaintiff") alleges, individually and on behalf**

**of others similarly situated, that Defendant Deli Management, Inc. d/b/a**

"Jason's Deli" ("Jason's Deli" or "Defendant") willfully misclassified Plaintiff and the other Assistant Managers with the title "2A" ("Second Assistant Manager"), and Assistant Managers with the title "3A" ("Third Assistant Manager"), at any of Defendant's locations in Defendant's North organizational region (or, if restaurants within the state of Illinois for example are in a region that Defendant refers to as something other than North, than in the correctly named region that includes those restaurants) and East organizational region (or, if restaurants within the states of Maryland and Georgia for example are in a region that Defendant refers to as something other than East, than in the correctly named region that includes those restaurants) (collectively, the "AMs"), as exempt from the overtime requirements of the Fair Labor Standards Act (the "FLSA"), and by misclassifying this group of similarly situated employees,  failed to pay Plaintiff and the AMs overtime compensation for hours worked in excess of 40 in each work week, from September 11, 2015, continuing until Defendant reclassified all AM positions company-wide to non-exempt and overtime eligible effective August 29, 2017.

**Defendant**:

**Defendant contends that Plaintiff and other Assistant Managers with the titles of "2A" or "3A" were properly classified as exempt employees under the FLSA, and were therefore not eligible for overtime compensation.**

(c)    The legal issues to be tried are as follows:

**Plaintiff**:

**(1)    Whether Defendant has carried its burden of proving that Plaintiff and the similarly situated AMs were exempt from the FLSA's overtime pay requirements;**

**(2)    Whether any alleged violations of the FLSA by Defendant were willful.[1]**

**Defendant**:

**Defendant joins Plaintiff's statement above of the legal issues to be tried.**

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:

**None.**

---

[1] Defendant does not assert a "good faith" defense to liquidated damages under the FLSA. *See* Amended Answer [Doc. 15]. Thus, there are no legal issues to be tried as to liquidated damages under the FLSA.

      (2)      Previously Adjudicated Related Cases:

**Plaintiff's civil cover sheet noted *Hearst v. Deli Management, Inc.*, No. 1:17-cv-02946-SCJ (N.D. Ga.) as a dismissed case involving similar issues (though broader in scope) filed against a same party (Deli Management, Inc.).**

2.     This case is complex because it possesses one (1) or more of the features listed below:

    \_\_    (1)    Unusually large number of parties

    \_\_    (2)    Unusually large number of claims or defenses

    \_\_    (3)    Factual issues are exceptionally complex

    \_\_    (4)    Greater than normal volume of evidence

    \_\_    (5)    Extended discovery period is needed

    \_\_    (6)    Problems locating or preserving evidence

    \_\_    (7)    Pending parallel investigations or actions by government

    \_\_    (8)    Multiple use of experts

    \_\_    (9)    Need for discovery outside United States boundaries

    \_\_    (10)    Existence of highly technical issues and proof

**<u>Plaintiff</u>:**

**This case is not complex.**

**Defendant:**

**Defendant states that if Plaintiff is successful in conditional certification then the case will be complex because it will likely involve a large number of opt-in Plaintiffs and a greater than normal volume of evidence.**

3.   Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:   **C. Andrew Head**
**Head Law Firm, LLC**
**4422 N Ravenswood Ave**
**Chicago, IL 60640**
**Telephone: (404) 924-4151, x101**
**Facsimile: (404) 796-7338**
**Email: ahead@headlawfirm.com**

Defendant:   **Kevin D. Johnson**
***Admitted pro hac vice***
**JOHNSON JACKSON LLC.**
**100 N. Tampa St., Suite 2310**
**Tampa, FL 33602**
**Telephone: (813) 580-8400**
**Facsimile: (813) 580-8407**
**Email: kjohnson@johnsonjackson.com**

4.   Jurisdiction:

Is there any question regarding this court's jurisdiction?

**No.**

If "yes," please attach a statement, not to exceed one (1) page, explaining the

jurisdictional objection.   When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.   Each objection should be supported by authority.

5.     Parties to This Action:

(a)     The following persons are necessary parties who have not been joined:

**Plaintiff:**

**Pursuant to 29 U.S.C. § 216(b), Plaintiff intends to proceed on behalf of herself and all similarly situated AMs in a narrowly tailored collective action involving two of Defendant's four regions of restaurant operations.   Plaintiff intends to file a motion for conditional certification within one week of this Joint Preliminary Report, so that Court-approved notice will issue to collective action members advising them of their opt-in rights.   If such motion is granted, Plaintiff anticipates that, in addition to individuals who have already filed Consents to Join, additional individuals will join this case by filing Consents to Join.   Thus, one or more deadlines may need to be adjusted, with leave of Court, depending on the notice process and opt-in participation.**

**Defendant:**

**Defendant is unaware of any additional parties that should be joined in**

this lawsuit.

(b)    The following persons are improperly joined as parties:   **None.**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  **None.**

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary.

**Plaintiff:**

**None presently anticipated, other than as stated below.**

**Defendant:**

**None presently anticipated.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**Plaintiff:**

**Due to the possibility of discovering a need to amend the pleadings based on information received from any new opt-ins who may join the lawsuit, and the possibility of bringing applicable state law class claims by Opt-ins under Fed. R. Civ. P. 23, should Plaintiff's motion for conditional certification be granted, Plaintiff requests twenty days from the close of the opt-in period to amend initial pleadings, if necessary.  *See, e.g., Prowant v. Federal National Mortgage Assoc.*, No. 1:14-cv-03799-AT [Doc. 69] (N.D. Ga. June 22, 2017) (allowing plaintiff twenty days after close of opt-in period within which to move for leave to amend the pleadings).**

**Defendant:**

**Defendant states that if Plaintiff's motion for conditional certification is granted, Plaintiff should be afforded twenty days from the close of the opt-in period to amend its pleadings, but only for those claims that Plaintiff was reasonably unable to discover before the original deadline 30 days after the preliminary report and discovery schedule is filed. *See* Knoll, Inc. v. Moderno,**

**Inc.,** **2012 WL 3613896, *1 (S.D.N.Y. 2012)(requiring movant to demonstrate**
**that information forming the basis of an amendment came to light after the**
**deadline).**

7.  Filing Times for Motions:

All motions should be filed as soon as possible.  The local rules set specific
filing time-limits for some motions.  These time-limits are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the
beginning of discovery, unless the filing party has obtained prior permission of the
court to file later.  Local Rule 7.1A(2).

**Plaintiff:  Plaintiff specifies the following time frame for Plaintiff's filing**
**of a motion for conditional certification and a briefing schedule on that motion:**

> **a.  Plaintiff will file a motion for conditional certification on or**
> **before December 7, 2018;**
>
> **b.  Response and reply briefs shall be filed within the time required**
> **by LR 7.1(b) & (c), NDGa.**

**Plaintiff objects to Defendant's intention to delay briefing its opposition**
**to conditional certification by two months in order to require pre-certification**
**briefing depositions. Multiple decisions from this district have rejected the**
**exact pre-certification delay and discovery that Defendant seeks here.** ***See***

*Rindfleisch v. Gentiva Health Servs.*, No. 1:10-cv-3288, 2010 U.S. Dist. LEXIS 153165, at *3 (N.D. Ga. Nov. 15, 2010) (denying defendant's request to conduct precertification discovery and delay opposition briefing, holding plaintiffs "presented a persuasive argument as to why discovery is inappropriate under Eleventh Circuit law[; m]oreover, plaintiffs contend that defendant has had adequate time to prepare its response, as … defendant could have anticipated long ago the need to prepare a response tailored to Eleventh Circuit law…[m]oreover, …because the statute of limitations continues to run until each putative plaintiff joins in the action, delay in sending cut a notice prejudices putative class members.); *see also Sellers v. Sage Software*, No. 1:17-CV-03614-ELR, 2018 U.S. Dist. LEXIS 185553, at *4-5 (N.D. Ga. Jan. 5, 2018) (denying defendants' request for discovery of plaintiffs to "test Plaintiffs' assertion that they are similarly situated through a common policy or practice," holding precertification discovery "is not the norm, and Defendants have offered no reason why the Court should allow it here," because defendants may take discovery after certification then move to decertify); *Hecht v. Office Depot*, No. 1:16-cv-04787-RWS [ECF. 45] (N.D. Ga. Aug. 18, 2017) (denying defendant's request to require plaintiff to submit to depositions before defendant is required to respond to the conditional certification motion,

otherwise "the process contemplated by <u>Hipp</u> would be thwarted…") *Stelmachers v. Maxim Healthcare Servs.*, No. 1:13-CV-1062-RLV, 2013 U.S. Dist. LEXIS 201115 (N.D. Ga. June 5, 2013) (rejecting defendant's requested precertification discovery as it "defies the remedial purposes of the FLSA" because it "asks this court to improperly and prematurely jump to the second stage" and would "severely undermine" the two-step approach to certification"); *see generally Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (certification determination at the notice stage is made using a fairly lenient standard which is "usually based only on the pleadings and any affidavits which have been submitted," and "plaintiffs may meet [their] burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, *detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary*.") (emphasis added) (citations omitted).

The particular circumstances of this case, however, present the most compelling reason for denying Defendant's request to delay pre-certification briefing to take depositions: Defendant has already marshalled its opposition to conditional certification of a nationwide collective action for Assistant Manager 2As and 3As in opposing nationwide certification in *Hearst v. Deli*

*Management, Inc.*, Defendant was fully able to oppose that motion without having deposed the named plaintiff or any opt-in, and Judge Duffey denied nationwide certification. Defendant cannot now claim that it does not know what its Assistant Manager 2As and 3As do at work, or that it is unable to oppose conditional certification of a greatly narrowed collective (one-half of Defendant's four regions) without taking a named plaintiff's deposition.

As stated in Section 9 below, both parties respectfully request a scheduling conference with the Court on this matter.

<u>Defendant</u>:

As described more fully below, Defendant seeks to conduct limited discovery as it relates to Plaintiff's motion for conditional certification.  <u>See Robinson v. Ryla Teleservices</u>, Case No. 11-cv-00131 (S.D. Ala. Dec. 21, 2011) (permitting limited discovery related to the named plaintiffs in this matter prior to responding to motion for conditional certification). Defendant therefore proposes that the time frame for responding to a motion for conditional certification should be extended as follows:

a. Response brief shall be filed by February 15, 2019;

b. Any reply briefs shall be filed within the time required by LR 7.1(b) and (c), NDGa.

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions*: within 30 days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions, with regard to expert testimony, to be filed no later than the date the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**<u>Parties' Agreement</u>: As part of their early planning conference efforts to limit disputed issues in accordance with LR 16.1, NDGa, the parties have agreed to the following modification to Rule 26(a)(1)(A)(iii)'s requirement regarding initial disclosures of the damages claimed by Plaintiff and those who opt-in to this case: Plaintiff will disclose the method of calculation of all**

**damages with his initial disclosures, and Plaintiff (with Defendant's consent) requests that the Court modify Rule 26(a)'s damages calculation initial disclosure requirement to allow Plaintiffs to provide the specifics for those calculations (i.e., the unpaid overtime claimed, the applicable regular rate, and the calculation of damages based on the regular rate) during the normal course of discovery.**

9.   Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**<u>Plaintiff:</u>**

**As stated above, Plaintiff opposes Defendant's request to abandon the Eleventh Circuit's two-stage conditional certification process and force discovery before responding to Plaintiff's pre-discovery motion for conditional certification, based on the decisions from this district cited above including *Rindfleisch*, *Sellers*, *Hecht*, and *Stelmachers*. Plaintiff's position is that Defendant's request should be denied, and discovery should follow this Court's ruling on a pre-discovery first stage motion for conditional certification that Plaintiff has agreed to file on an expedited timeframe (i.e., by December 7, 2018). Plaintiff therefore requests a scheduling conference with the Court to**

decide discovery matters tied to that issue of pre-certification discovery and delay in opposition briefing.

**Defendant:**

Defendant requests a scheduling conference with the Court to address initial discovery. Plaintiff proposes to conduct discovery after the Court grants or denies his motion for conditional certification. Defendant proposes to take limited discovery addressing any issues that may be raised in Plaintiff's motion for conditional certification. This discovery should include depositions of the Plaintiff and those individuals who have opted into this case prior to the resolution of Plaintiff's anticipated motion for conditional certification.

Defendant is not asking the Court to abandon anything. In fact, the Eleventh Circuit precedent permits pre-certification discovery. It is important for Defendant to be able to determine whether Plaintiff is similarly situated to the class she seeks to represent, which Plaintiff's counsel has already failed in once before. Moreover, pre-certification discovery is necessary to determine whether Plaintiff is similarly situated to other 2As since Plaintiff was never employed in that capacity, as she alleged in her amended complaint.

10.        Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

This case is assigned to a four-month discovery track.

Please state below the subjects on which discovery may be needed:

**Plaintiff:**

**Plaintiff requests that the four month discovery period commence 10 days after the close of the opt-in period, should the Court grant Plaintiff's**

motion for conditional certification (in whole or in part), or 10 days after a ruling denying Plaintiffs' motion for conditional certification.

At this time, Plaintiff anticipates discovery will be needed on hours worked by, and the compensation paid to, Plaintiff and the similarly situated AMs; the scope and identity of those similarly situated AMs; the willfulness of Defendant's alleged FLSA violations; Defendant's knowledge that the FLSA applied to its AMs, and its conduct and efforts (or the lack thereof) to determine compliance with the FLSA and the subjective and objective reasonableness of same, based on all information known or available to Defendant at the relevant time(s); Defendant's policies, procedures, and practices regarding compliance with the FLSA; issues for discovery detailed in Orders issued by this Court; and regarding the allegations in Plaintiff's Amended Complaint and regarding the defenses and denials in Defendant's Amended Answer.

**Defendant:**

Defendant anticipates that discovery will be needed on relevant subjects, including the duties and responsibilities of Plaintiff and opt-in Plaintiffs, the difference in the performance of those responsibilities by Plaintiff and opt-in Plaintiffs, the number of hours worked by Plaintiff and the Opt-in Plaintiffs, and the allegations raised in Plaintiff's complaint.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Plaintiff:**

**As stated above, Plaintiff opposes Defendant's request to abandon the Eleventh Circuit's two-stage conditional certification process and force discovery before responding to Plaintiff's pre-discovery motion for conditional certification, based on the decisions from this district cited above including *Rindfleisch*, *Sellers*, *Hecht*, and *Stelmachers*. Plaintiff's position is that Defendant's request should be denied, and discovery should follow this Court's ruling on a pre-discovery first stage motion for conditional certification that Plaintiff has agreed to file on an expedited timeframe (i.e., by December 7, 2018).**

**Plaintiff requests that the four month discovery period commence 10 days after the close of the opt-in period, should the Court grant Plaintiff's motion for conditional certification (in whole or in part), or 10 days after a ruling denying Plaintiffs' motion for conditional certification.**

**<u>Defendant</u>:**

**Defendant is not asking this Court to abandon anything as numerous cases have allowed pre-certification initial discovery.  Instead, Defendant is simply requesting a two-month initial discovery period commencing on the date the Court enters its scheduling order, during which the parties would be permitted to conduct written discovery and depositions on issues relevant to Plaintiff's motion for conditional certification, except that upon the agreement of parties, depositions may be extended to cover all relevant issues so that witnesses do not need to be re-deposed.  Defendant proposes that the parties then be permitted to submit a proposed amended scheduling order within fourteen days after either (1) any notice period closes, should the Court grant Plaintiff's motion for conditional certification or (2) the Court denies Plaintiff's motion for conditional certification. This proposed amended scheduling order should cover all remaining deadlines, including expert witness disclosure, the cutoff for an additional period of merits-based discovery, the timing of any motions for decertification or dispositive motions, and the timing of any pretrial submissions.**

11.    Discovery Limitation:

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**<u>Parties' Agreement</u>:**

**Other than as set forth in Plaintiffs in Paragraph 8 above, regarding initial disclosures, Plaintiff requests (and Defendant consents to) an Order that Defendants shall not contact or subpoena the named Plaintiff's or Opt-ins' prospective employer, current employer, or subsequent employer (following termination from employment with Defendant), to discover information about their claims without first providing Plaintiffs 20 days notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact with the intended subpoena recipient will not be initiated and the subpoena will not be served, until such motion is decided. *See, e.g., Prowant v. Federal National Mortgage Assoc.*, No. 1:14-cv-03799-AT [Doc. 69] (N.D. Ga. June 22, 2017) (granting plaintiff's request, over defendant's objections, that defendant provide 20 days advance notice prior to serving any subpoenas on other employers).**

(b)   Is   any   party   seeking   discovery   of   electronically   stored information?  **X**  YES ___ NO

If "yes"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses as follows:

**<u>Plaintiff</u>:**

**Plaintiff respectfully requests that the Parties be allowed to resume and continue ESI discussions after the Court rules on Plaintiff's motion for conditional certification, which will affect the volume of ESI at issue in this action.**

**Plaintiff anticipates that ESI may be significant in this matter. Plaintiff believes that ESI may be needed about compensation paid to Plaintiff and the putative collective action members, including documents related to the actual duties and responsibilities performed by Plaintiff and the Opt-ins, records related to hours worked and compensation paid (salary, bonus, etc.); Defendant's conduct, communications, information, efforts, and decisions related to willfulness; similarities between the collective action members**

regarding the FLSA claim at issue; and the allegations in Plaintiff's Complaint and the defenses and denials in Defendant's Amended Answer.

If ESI is a subject of discovery, the Parties agree it should be conducted so as to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. With respect to e-mail searches, Plaintiff proposes that in addition to requests that e-mail be searched for responsive content by topic and subject matter, the Parties should agree to also conduct searches based upon agreed upon search terms across agreed upon and identified witnesses or custodians, unless the Parties reach impasse and require Court resolution of search terms. Plaintiff believes that the Parties should have multiple attempts to revise search terms; i.e., that it is a iterative process.  If a document is a "hit" on any agreed search term and it is not privileged, Plaintiff proposes that it be produced. Plaintiff proposes that e-mails be produced in an Outlook PST format. Spreadsheets (e.g., Excel) containing values and formulas shall be produced in native format with values, formulas, formatting, and all other features intact. All scanned paper, email and native file collections should be converted/processed to TIFF files, Bates numbered, and include fully searchable text.  Additionally, email, Excel, and native file collections should include linked native files. All images should be single-page, Group IV TIFF

files, scanned at 300 dpi.  File names should not contain embedded spaces.  The number of TIFF files per folder should not exceed 500 files. For Powerpoint files, all pages of the file should be scanned in full slide image format, with any speaker notes following the appropriate slide image.  For AUTOCAD/photographs, files should be scanned to single page JPEG (.JPG) file format.  Searchable text of the entire document must be provided for every record, at the document level.  Extracted text must be provided for all documents that originated in electronic format.  The text files should include page breaks that correspond to the 'pagination' of the image files.  Note: Any document in which text cannot be extracted must be OCR'd, particularly in the case of PDFs without embedded text. For Linked Native Files, copies of original email and native file documents/attachments must be included for all electronic productions.  Native file documents must be named per the FIRSTBATES number.  The full path of the native file must be provided in the .DAT file for the LINK field.  The number of native files per folder should not exceed 500 files.

**Defendant:**

Defendant will preserve electronically-stored information, pursuant to the requirements Fed. R. Civ. P. 26.  Defendant will work cooperatively with

**Plaintiff to address any objections relating to scope, breadth or burden of requests. Given that this is a wage-hour case, the majority of documents that need to be produced will likely be pay statements for Plaintiff and any opt-ins who become part of the case. Defendant also anticipates needing to search e-mails sent by relevant supervisors regarding Plaintiff's performance of relevant managerial duties. Counsel have discussed ways to ensure that appropriate key-word searches are conducted and that any relevant documents are produced in a reasonably usable format (which in the case of a spreadsheet may be native format). Defendant anticipates that the details of such production can be worked out cooperatively between counsel and believes that there is no need for extensive preliminary instructions regarding ESI from the Court.**

12.     Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?  **Except as set forth above, none at this time.**

13.     Settlement Potential:

(a)     Counsel for the parties certify by their signatures below that C. Andrew Head, Kevin D. Johnson, and Christopher Bentley conducted an initial early planning conference via telephone to discuss settlement on September 11, 2018, and completed their Rule 26(f) conference via telephone on November 29, 2018, and

subsequent email communications regarding all remaining matters addressed by LR 16.1, NDGa.

    For Plaintiff:  Lead counsel (signature)  **/s/ C. Andrew Head**       

        Other participants:

    For Defendant:   Lead counsel (signature)  **/s/ Kevin D. Johnson**     

        Other participants:  **Christopher Bentley**

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_)    A possibility of settlement before discovery.

( X )   A possibility of settlement after discovery.

(__)   A possibility of settlement, but a conference with the judge is needed.

(__)   No possibility of settlement.

(c)    Counsel (X) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is **to be determined by the parties.**

(d)    The following specific problems have created a hindrance to settlement of this case:

**None.**

14.    Trial by Magistrate Judge:

Note:  Trial by a Magistrate Judge will be a jury trial if a party is otherwise entitled to a jury trial.

(a)    **The parties do not consent at this time to having this case tried before a magistrate judge of this court.**

Respectfully submitted this 30th day of November, 2018.

*s/ C. Andrew Head*
C. Andrew Head, GA Bar No. 341472
Bethany A. Hilbert, IL ARDC 6280213 (*to be admitted pro hac vice*)
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
Email: ahead@headlawfirm.com
Email: bhilbert@headlawfirm.com


Fran L. Rudich (*to be admitted pro hac vice*)
Alexis Castillo (*to be admitted pro hac vice*)
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
T: (914) 934-9200
F: (914) 934-9220
E: Fran@klafterolsen.com;
alexis.castillo@klafterolsen.com


*Attorneys for Plaintiff*

*s/ Kevin D. Johnson*
Kevin D. Johnson
Florida Bar No.: 0013749 (*pro hac vice*)
Christopher M. Bentley
Florida Bar No.: 052616 (*pro hac vice*)
JOHNSON JACKSON LLC.
100 N. Tampa St., Suite 2310
Tampa, FL 33602
Telephone: (813) 580-8400
Facsimile: (813) 580-8407
Email: kjohnson@johnsonjackson.com
cbentley@johnsonjackson.com


John R. Hunt
Georgia Bar No.: 378530
STOKES WAGNER
1201 West Peachtree St. NW
Atlanta, GA 30309


*Attorneys for Defendant*

* * * * * * * * * *

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

Plaintiff's request for a discovery and scheduling conference is _____.

IT IS SO ORDERED, this _____ day of _____, 2018.

_____
Steve C. Jones
UNITED STATES DISTRICT JUDGE